**R. F. and Jeanne BARRY, husband and wife, Plaintiffs,**

v.

**UNITED STATES of America, Defendants.**

**Civ. A. No. 7651.**

United States District Court
W. D. Oklahoma.

Nov. 18, 1958.

Leonard L. Ralston, Asst. U. S. Atty., Oklahoma City, Okl., and Deane E. Mc-Cormick, Jr., Tax Dept., Dept. of Justice, Washington, D. C., for defendants.

RIZLEY, District Judge.

The above styled and numbered case came on for trial before the Honorable Judge Rizley, one of the Judges of the above named court June 24, 1958. At the conclusion of the trial the court di-rected the attorneys for the respective parties to file briefs in support of their respective positions. The plaintiffs time-ly filed their brief. The defendant wholly failed to file a brief.

On October 28, 1958, after the court has considered the evidence, the brief of plaintiffs, and is otherwise and sufficient-ly advised in the premises, the court finds as follows:

Findings of Fact.

1. Jurisdiction of this action is con-ferred under the provisions of Title 28, Sec. 1346(a) (1), which statute also con-fers upon plaintiffs the right to maintain said action. At all times referred to in the plaintiffs' complaint they were citi-zens of the State of Oklahoma, residing in Oklahoma City therein.

2. In 1951, the plaintiffs acquired a 480 acre unimproved farm in Prowers County, Colorado, at a cost of $50 an acre ($24,000), plus cost of acquisition. The legal description of said farm is as fol-lows:

The S/2 of Sec. 12 and the SE/4 of Sec. 11, Twp. 24, S, R. 45 W.

3. In 1955, plaintiffs as husband and wife timely filed an income tax return on Form 1040 with the District Director of Internal Revenue of Oklahoma City, Oklahoma, which return covered the cal-endar year 1954. In said return plain-tiffs showed an income tax liability of $693.54, which liability had been paid to said Director during the year 1954. In said return the plaintiffs deducted from gross income $2,800 as a casualty loss sustained through approximately four inches of the top soil overlying the west approximately 300 acres of the 480 acre farm herein before referred to being blown away by a storm which occurred beginning February 19, 1954. The plain-tiffs reported said casualty loss at a fig-ure under that which they believed the loss to be in order to avoid possible con-troversy with taxing officials.

4. On March 20, 1957, the casualty loss so deducted by plaintiffs in their 1954 return was disallowed in its entire-ty by the local District Director of In-

ternal Revenue on the grounds that "this type of wind storm occurs each year usually in February or March." On May 15, 1957, said Director demanded additional income taxes from the plaintiffs in connection with their 1954 income tax year in the amount of $609.79, which taxes said Director attributed entirely to said disallowed deduction. On May 17, 1957, the plaintiffs paid the demanded tax in full.

5. The wind storm of February 19, 1954, which damaged plaintiffs' farm was in the area of plaintiffs' farm sudden, unexpected and unusual in nature and probably should be considered as unprecedented. The aforementioned loss of subsoil from the west approximately 300 acres of the farm occurred within 36 hours of the beginning of said storm and the loss of the soil is definitely attributable to said storm and must be identified therewith.

6. The fair market value of the 400 acre farm immediately before the February 19, 1954, storm was $35 an acre or $16,800. The fair market value of the farm immediately following the storm did not exceed $25 an acre or $12,000, for a loss in market value of $4,800, which loss was directly attributable to the top soil being blown by the aforementioned storm from the west approximately 300 acres of the farm to a depth around four inches, which was the depth to which the farm had been tilled. The plaintiffs did not recover any part of said loss.

7. The record develops that the plaintiffs' remaining adjusted cost basis in the farm on February 19, 1954, was not less than $20,400. The plaintiffs however admit that because of the depreciation taken on the fences around the farm their remaining adjusted cost basis in the farm on February 19, 1954, was $20,217.03.

8. On the date that plaintiffs purchased the farm in controversy there was no oil and gas activity in the area of the farm and in fact there had never been any oil activity in said area. The minerals underlying the farm as of the date of plaintiffs' acquisition should for income tax purposes be considered as having a zero value.

9. On May 22, 1957, the plaintiffs filed with the District Director of Internal Revenue at Oklahoma City, Oklahoma, a claim for refund of $965.23, of the income taxes that plaintiffs paid in connection with their income tax year 1954. They sought interest on the sum of $355.44 at the rate of 6% per annum from January 12, 1955, until paid, and interest on the sum of $609.79 at the rate of 6% per annum from May 17, 1957, until paid.

10. The defendant does not contend that this case was filed prior to plaintiffs' claim for refund being denied, or that this court does not have jurisdiction of the subject matter of this action.

### Conclusions of Law.

From the foregoing facts the court concludes:

1. The loss in controversy is a loss which is deductible under the provisions of Section 165 of the 1954 Internal Revenue Code, 26 U.S.C.A. § 165.

2. For the purpose of computing plaintiffs' loss from the February 19, 1954 storm, the farm under Section 1231 of the 1954 Internal Revenue Code, 26 U.S.C.A. § 1231, must be considered as property used in a trade or business which was held for more than six months prior to said loss, and the loss sustained by plaintiffs is deductible as an ordinary loss.

3. The loss in controversy is arrived at by determining the difference percentage wise in the fair market value of the farm immediately before the storm and the fair market value immediately following the storm, or a $35 per acre market value immediately before and $25 per acre market value immediately after, which gives a percentage loss of 28.572 per cent. The sum of $20,217.03 which on February 19, 1954, represented the plaintiffs' adjusted remaining cost in the farm is then multiplied by the 28.572 percentage figure giving a deductible loss of $5,776.41. The plaintiffs are there-

fore entitled to judgment against the defendant in the aggregate principal amount of $1,205.08, together with interest on the sum of $609.79 of said amount at the rate of 6% per annum from May 17, 1957, until paid, and interest on $595.29, the remainder of said amount, at the rate of 6% per annum from January 12, 1955, until paid, and for their cost herein expended.